No. 31,681

Lula Rawlins, *Appellee*, v. Wesley Doyle, *Appellant.*

(34 P. 2d 101.)

Opinion filed July 7, 1934.

*Leon W. Lundblade,* of Beloit, for the appellant.
*Roy L. Hamilton,* of Beloit, for the appellee.

The opinion of the court was delivered by

Hutchison, J.: The only matter involved in this appeal, under the circumstances of there being no motion for new trial filed, is the ruling of the trial court upon the demurrer of the defendant to the evidence of the plaintiff, which demurrer was overruled. This amounted to the holding on the part of the trial court that the evidence introduced by the plaintiff was sufficient to show an oral contract between her and the parents for the quarter section of land involved, and the fulfillment of the contract by her compliance with the requirements of the parents.

The plaintiff's husband died in 1925, and she had a daughter eleven years old and her parents lived a short distance away. They came several times to converse with her about moving to their home and looking after them during their lives. The evidence of other witnesses who heard the conversations and who heard the mother frequently tell of the conversations and arrangements made was to the effect that if she would come and live with them and look after them during their lives that the farm on which they lived would be hers at their death. The father lived until the year 1928, the mother until 1932, and this action is brought by the daughter for the enforcement of the oral contract by which she was to have title to the quarter section of land. The action is against two of the plaintiff's

brothers, the third one having died. There was other property, and no will was left by either of their parents.

Serious objection was properly made under the demurrer to the plaintiff's telling any part of the conversations between her and the parents about this arrangement to give her the land in consideration of her looking after them during their lives, but the records show very little, if any, of such conversations related by her. It shows the occasions and times when such conversations were had and who were present, but others related the conversations, particularly the eleven-year-old daughter, and, as stated above, a number of the neighbor women related what the mother told them was the arrangement, and also the nurse in the hospital as to what the mother frequently stated about the daughter getting this home property for looking after her and her husband during their lives.

There is sufficient evidence to sustain the plaintiff's allegations, and the demurrer of the defendant to the plaintiff's evidence was properly overruled.

The other assignments of error are such as concern the instructions and the introduction of evidence and cannot well be considered in this connection because no motion for new trial was filed in the case. The cases cited by appellant along the line of the matter involved in the demurrer have been considered, but there are none of them that meet the situation here before us where the oral contract was plainly proved and there was no substantial evidence contrary to the full and complete compliance of such an oral contract, and it will be unnecessary to cite the authorities which we think are more nearly applicable to the facts in this case.

We find no error in the ruling of the trial court, and the judgment is affirmed.